# IN THE SUPERIOR COURT OF GUAM

MONICA ANN NINETE DEVERA,          )     CIVIL CASE NO. CV0028-18
As Special Administratrix of the Estate of )
Charles Vincent Ninete Blas,             )
                                         )
            PLAINTIFF,                   )
                                         )
        v.                               )     DECISION AND ORDER GRANTING
                                         )     DEFENDANT'S MOTION TO DISMISS
GUAM HEALTHCARE DEVELOPMENT,            )
INC., dba GUAM REGIONAL MEDICAL        )
CITY, JOHN DOES 1-10; JOHN DOES        )
ENTITIES 1-10; AND JOHN DOE            )
INSURANCE BUSINESSES 1-10,             )
                DEFENDANT.               )
_____)

## Introduction

This matter came before the Honorable Maria T. Cenzon on April 11, 2018 for a Scheduling Conference. Defendant Guam Healthcare Development, Inc., dba Guam Regional Medical City ("Defendant") appeared through counsel, Attorney G. Patrick Civille. Plaintiff Monica Ann Ninete Devera, as Co-administratrix of the Estate of James Patrick Sablan ("Plaintiff") was present and represented by Attorney Gloria Rudolph. During the scheduling conference, the Court informed the parties that it is prepared to make a ruling on Defendant's Motion to Dismiss or in the Alternative Stay Proceedings filed by Defendant on February 1, 2018.[1] Having reviewed the record, the relevant law, and the parties' arguments, the Court ruled from the bench GRANTING Defendant's Motion to Dismiss. This Decision and Order further memorializes the Court's ruling.

---

[1] The Court previously ruled on an identical motion in another case; that the Court does not have subject matter jurisdiction over a medical malpractice claim without the claimant first arbitrating its claims. *See Manibusan v. GRMC* (Superior Court of Guam Civil Case No. CV1165-17).

*Monica Ann Ninete Devera, as Special Administratrix of the Estate of Charles Vincent Ninete Blas v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV0028-18
D&O Granting Defendant's Motion to Dismiss
Page 1 of 5

## Background

This matter arises out of the "medical treatment that was rendered on Charles [Vincent Ninete Blas] on or around January 16 - 23, 2017, and thereafter," performed by Defendant. Verified Complaint for Damages, p. 3 (Jan. 12, 2018). Plaintiff seeks damages based on fraud, negligence, medical malpractice, and wrongful death. *Id.*

On February 1, 2018, Defendant filed the instant motion requesting the Court to Dismiss Plaintiff's claims for failure to arbitrate or Stay the Proceedings until after arbitration. On March 1, 2018, Plaintiff opposed Defendant's Motion through the Opposition to [Defendant's] Motion to Dismiss or in the Alternative Stay Proceedings. On March 15, 2018, Defendant filed a Reply to Opposition to Motion to Dismiss or in the Alternative Stay Proceedings.

## Discussion

Defendant cites to two Superior Court cases which involve identical issues, *Soumwei v. GRMC* (Superior Court of Guam Civil Case No. CV0584-17) and *Manibusan v. GRMC* (Superior Court of Guam Civil Case No. CV1165-17). In both cases, the Courts granted Defendant's motion; the latter was decided by this Court. In *Manibusan*, this Court found Plaintiff's failure to arbitrate its medical malpractice claim warrants dismissal pursuant to Rule 12(b) (1) of the Guam Rules of Civil Procedure. The Court finds the circumstances in this case and the law as described in 10 Guam Code Ann. § 10102 remain the same.[2]

### a. Subject Matter Jurisdiction

Rule 12(b) (1) provides the basis for dismissing a civil action for the lack of jurisdiction over the subject matter. Guam R. Civ. P. 12(b)(1). Jurisdiction is a threshold issue and any motion challenging a trial court's jurisdiction over a matter may be dispositive of the entire case. *See Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 31. Under 10 Guam Code Ann. § 10102,[3]

---

[2] Notably, the Plaintiffs in *Soumwei, Manibusan*, and this case are represented by the same firm, Lujan & Wolff, LLP and the Defendant in all three cases is Guam Healthcare Development, Inc., dba Guam Regional Medical City represented by Attorney G. Patrick Civille of the Civille and Tang, PLLC.

[3] The statute in its entirety provides:

*Monica Ann Ninete Devera, as Special Administratrix of the Estate of Charles Vincent Ninete Blas v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV0028-18
D&O Granting Defendant's Motion to Dismiss
Page 2 of 5

malpractice claimants are required to submit their claims to arbitration *prior to* bringing a court action. *Villagomez-Palisson v. Superior Court*, 2004 Guam 13, ¶¶ 8-9, 34 (emphasis added). Hence, if a claimant fails to first arbitrate its medical malpractice claims, the Court does not have subject matter jurisdiction.

Plaintiff's counsel once again argues substantial compliance with Section 10102 mandating arbitration satisfies the requirements under the statute, specifically arguing that since the statute only requires a claim "be *submitted* to mandatory arbitration," mere submission is all that is required. Pl. Opp. to Defs. Mot. to Dismiss, at p. 6 (quoting 10 GCA § 10102) (emphasis in Plaintiff's motion). Plaintiff's counsel misconstrues the clear language of the statute.

The Court continues to rely on *JP Morgan Chase Bank v. SFR Investments Pool*, wherein the Nevada Supreme Court opined that "in determining whether strict or substantial compliance is required, courts examine the statute's provisions, as well as policy and equity considerations." 200 F. Supp. 3d 1141, 1170 (2016) (internal citations omitted). Additionally, courts examine "whether the purpose of the statute or rule can be adequately served in a manner other than by technical compliance with the statutory or rule language." *Id*. Thus, Courts generally strictly construe time and manner requirements, while substantial compliance with a statute may be sufficient for form and content requirements. *Id*.

Plaintiff's argument conflicts with the opinion of the Guam Supreme Court in *Villagomez-Palisson v. Superior Court*, 2004 Guam 13 ¶ 30, wherein the Guam Supreme Court found the legislative purpose to be as follows:

> [Title 10, Chapter 10] was passed as a result of the perceived problem associated with the increase in the cost of malpractice insurance, and even its unavailability. The committee found that the island was faced with a dilemma due to the passing

Mandatory arbitration. Any claim that accrues or is being pursued in the territory of Guam, whether in tort, contract, or otherwise, *shall be submitted to mandatory arbitration* pursuant to the terms of this Chapter if it is a controversy between the patient, his relatives, his heirs-at-law or personal representative or any third party or other party, and the health professional or health care institution, or their employees or agents, and is based on malpractice, tort, contract, strict liability, or any other alleged violation of a legal duty incident to the acts of the health professional or health care institution, or incident to services rendered or to be rendered by the health professional or health care institution.

*Monica Ann Ninete Devera, as Special Administratrix of the Estate of Charles Vincent Ninete Blas v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV0028-18
D&O Granting Defendant's Motion to Dismiss
Page 3 of 5

on of high medical fees and costs to the consumer, as well as the increase in costs of medical care due in part to the tendency of physicians to practice "defensive medicine" to avoid malpractice suits. The Guam Legislature apparently believed that the provisions of the Arbitration Act would remedy what it perceived as a crisis situation in the area of medical malpractice.

*Id.* ¶ 29. Based on these legislative committee findings, the Court finds the clear and unequivocal intent of the legislature was to require strict compliance with the arbitration requirement to the conclusion of such arbitration. The Court concurs with the Defendant that submitting the claim first to mandatory arbitration is a time and manner requirement, and therefore should be strictly construed.

It is undisputed that Plaintiff in this case has not *actually* arbitrated her claims through the AAA, PAMS, or any other arbitration firms. As in *Manibusan*, *supra*, the Court's analysis stops here. The Court similarly finds it lacks subject matter jurisdiction until Plaintiff *completes* arbitration through the AAA or any other entity organized to arbitrate disputes pursuant to Title 10, Chapter 10 of the Guam Code Annotated.

**b. Plaintiff's Due Process Claim**

Plaintiff argues that Section 10102 is now invalid since there is no longer an AAA office in Guam. Moreover, Plaintiff would be denied meaningful access to the court if forced to suffer excessive hardship by paying for and having the claim handled by AAA.

The Court recognizes its role in determining whether the "availability of arbitrating before AAA" may violate one's due process rights. *Villagomez-Palisson v. Superior Court*, 2004 Guam 13 ¶ 33. Further, the Court recognizes that 10 GCA § 10101(a) does not specifically limit a claimant to file a claim through AAA and actually provides, "Association means the [AAA] *or other* entity organized to arbitrate disputes pursuant to this Chapter." (emphasis added). Again, the Court is not requiring Plaintiff to arbitrate through the AAA, but the Court determined that Plaintiff is required to actually arbitrate the claims through AAA, PAMS, or any other entity organized to arbitrate.

*Monica Ann Ninete Devera, as Special Administratrix of the Estate of Charles Vincent Ninete Blas v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV0028-18
D&O Granting Defendant's Motion to Dismiss
Page 4 of 5

## Conclusion and Order Dismissing Case

Based on the lack of subject matter jurisdiction, the Court finds dismissal of this action is warranted. The Court hereby GRANTS Defendant's Motion to Dismiss.

It is therefore ORDERED that Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

No further hearings are scheduled in this matter.


SO ORDERED this _____ **MAY 0 4 2018** _____, *nunc pro tunc* April 11, 2018.



**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT P...
I certi... ...... that a co... ...f the
original h... ... was p... ... in the
court box...
...
Time...
Deputy Cler... ...ri. Court of G.....

*Monica Ann Ninete Devera, as Special Administratrix of the Estate of Charles Vincent Ninete Blas v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV0028-18
D&O Granting Defendant's Motion to Dismiss
Page 5 of 5